Hartwell versus Houghton Lake Community Schools et al. Oral argument not to exceed 15 minutes per side and Ms. Hopper you may proceed for the appellant. Thank you. Good morning and may it please the court. My name is Erin Hopper from White Schneider PC on behalf of plaintiff appellant Shawna Hartwell. I would request that this court allow me to reserve five minutes for rebuttal. Okay. Plaintiff Hartwell was terminated from her job as a kindergarten teacher because of her relationship with her stepchildren who attended the school district where she taught and her stepdaughter was actually in the same building. The children's biological mother Nika King fought hard to keep Ms. Hartwell away from her stepchildren ultimately resorting to harassing the school district into firing Ms. Hartwell. But for Ms. Hartwell's relationship with her stepchildren and the unfortunate position that it put the school district's administration in Ms. Hartwell would not have been terminated from employment. But there's no this is Judge Sutton there's no evidence that she was fired because she had stepchildren. All the evidence is that she was fired because what she did with respect to her stepchildren. That seems to me quite different. The picture that the school district and defendant Peterson painted certainly was that it was because of what she did with the stepchildren. But it's Ms. Hartwell's position that that was kind of that was a created factual pattern to justify wanting to get rid of her because of the stepchildren and Ms. King's continued harassment of them. For example the discipline that was given to Ms. Hartwell when we got to the deposition the principle the discipline was severely undermined by the fact that the principle didn't have facts to support a lot of the reasons for the discipline. Well let's focus on what I think is the key incident when Ms. King comes to pick up I guess one of the stepchildren. You know state law gave King the right to have custody of the child didn't give Hartwell. Hartwell had no rights under state law. So the question is what state law allows. It's not punishing people because you're a step parent or not a step parent. King had the right to pick up the child. Hartwell did not have the right to say no. I just don't understand how that conceivably has anything to do with the right to family association intimate association or anything else. The plaintiff in this case we've never contested that that Ms. Hartwell may have been wrong in that situation that she didn't actually have the right to keep her stepdaughter. It's uncontested that the principal gave her a directive to release the stepdaughter to Ms. King. Ms. Hartwell didn't do it immediately and she violated that directive. There's no doubt about that. The question I think that's relevant is is that violation of that directive justification for termination? I would suggest that it's not and it wasn't the basis of the reasoning for the termination when principal... You were suggesting earlier this was all pretext and I just don't understand why that's not a pretty valid justification if you're a principal and it's a real problem to have parents fighting about who gets a kid on school grounds one of the parents is a teacher. I would agree that that that is a concern but because that was not the basis that the school district that was not the position the school district took as to why she was being terminated. Originally the principal said she's being terminated because of her performance evaluation and Judge Ludington at the trial court level found that that there wasn't a lot of they weren't able to offer a lot of support for the reasoning behind the performance evaluation. It wasn't until Principal Peterson was further questioned that she said that she that it came out that she talked to the board about all the incidents with Ms. King harassing the school district and and including the discipline which involved that aspect and two other elements that were basically disproven at the at the deposition. Ms. Harwell was allegedly disciplined for signing out her stepdaughter and then having a having a friend pick the stepdaughter up but the principal thought friend didn't judge the par. Is there any evidence that in the first year um the school or there were there was no incidents correct and she had the same relationship she was still married and she still had stepchildren? Right there were there were no incidents. Ms. King did not start uh involving herself in in the situation until the beginning of her second year. So why isn't it that they're firing her because of her conduct and not because of her associations? I mean what evidence is there they're firing her for other reasons? And the evidence that they're they're firing her because of her associations is is the circumstantial evidence surrounding the the fact that her her first year of teaching she was uh you know on the right track everyone was saying that she was shaping up to be a good teacher she had no discipline she had typical concerns of a first-year teacher but nothing else uh and all of a sudden when uh Ms. King started calling and harassing the school district all of a sudden uh Ms. Harwell was issued a discipline and and her evaluation started going down and it was it was this is this is the part of the key interrupt you um what happens if they fire her for no good reason just because it's a hassle to deal with this? If if they if they fire Ms. Harwell because the hassle to deal with Ms. King calling them? Is that the question? Correct. I believe that that's a violation of her intimate association and in the same way that uh so in if they didn't have the intimate association and they were fighting about something else or they had the intimate association and she was she had her own kids so get rid of this this stepmother issue and she's punching her kids in school could they fire her for that? Could they fire her for punching her kids in school? I would think so yes. What about screaming at her kids in school? If it if it's affecting her job performance I mean if they're if they're terminating her because they don't like her parenting style but there's no tie to the job performance uh I think there's an argument that that would violate her her right of intimate association but the key here is not that Ms. King is as a stepmother I think isn't the element that's important here in the same way that in the Little John case there was a random community member that made a complaint about the teacher's divorce and and in the same way that the random community member didn't matter in that case it was the divorce that mattered in this case Ms. King doesn't matter it's the stepchildren that matter and that's why it falls under the intimate association protection. But I mean I think what Judge Sutton again but I think what Judge Depar's question shows is the firing is it's a much better explanation of the firing that King and Hartwell didn't get along uh King was creating hassles for the school district and maybe you're right that uh Hartwell should not have been fired and maybe the reviews aren't enough but not a single one of those things says anything about this being punished because of a right to intimate association or family association that's what I that's the part of this case I'm just not getting. It's it's the the circumstantial evidence that uh shows the the causal connection that uh you know at plaintiff's position is at least enough to survive a motion for uh summary judgment. I think that at the trial court level. Just so you know this where I'm coming from on this and maybe you can think about it for rebuttal but where I'm coming from on this is you don't get to a jury because you show that the school district's explanation for the firing don't stand up. You've got to do something that allows the inference that the firing was connected to family association and that's the part that's just completely missing for me. Uh I think that there is evidence here that will that will show that the firing is related to the intimate association. I think the fact that the the reason given was not really uh sufficient justification is helpful but I think that there's frankly better evidence showing a connect a causal connection. Um I I think that a lot of it was disregarded uh at the trial court level. I think that some of it was mentioned and then uh not taken in the light most favorable to the plaintiff. Uh included in that is the fact that almost all of the communication from King was not mentioned by the trial court uh including I think the most important communication from King which was uh the last email it was less than a month before Hartwell was was fired and uh King had contacted the superintendent basically insinuating that Hartwell was a threat. She wanted her gone from the uh the school district. This this email also shows that King who was not affiliated with the district was being told it was being kept in the loop. She had been told that Hartwell had been issued discipline. Uh this wasn't even mentioned by the trial court and uh therefore the temporal proximity argument wasn't mentioned. This was less than a month from this letter to the termination and uh a temporal proximity of of less than a month has been found uh in this court to be in itself standing alone enough to show a causal connection. Uh now so this Judge Sutton you're 10 minutes you can keep going if you wish or you can keep your full five minutes it's your call. Um just if I could just use another minute or two I would appreciate it. Sure. Um another fact that was not taken by the trial court was uh the the this disparate treatment of Ms. Hartwell. The trial court recognized that there were several other teachers who had received the same or worse evaluations and uh did not have this intimate association issue and were not terminated. Um but it was not uh taken in favor of the plaintiff. There were there were also other issues that the trial court explicitly disregarded um one of which and it's mentioned in the brief uh the court referred to as a sham argument because it it didn't didn't uh see the connection between the deposition and an affidavit which is I mean that's all laid out in the brief but the main point is there are there are big concerns that a lot of the circumstantial uh evidence including the temporal proximity was just just either disregarded or not taken in plaintiff's favor at the trial court level and I'll reserve the rest for rebuttal. Thank you. All right thank you. Mr. Marker you may proceed for the appellee. Good morning your honors and may it please the court Christopher Marker here on behalf of and Amy Peterson. Your honors uh I'm prepared to stand on my briefing in the 44 page well-reasoned opinion of the uh district court in this case unless your honor or and I'd at this time yield to any questions that you may have. Okay um this is Judge Sutton. I don't have any questions at this point. Judge McKee do you have any questions? Uh no I don't have any for Mr. Marker. I might have some for Ms. Hopper when she gets back up. Okay Judge Kapar do you have any questions? Uh I don't. Okay all right well well uh we appreciate that Mr. Marker and um we'll hear the remaining rebuttal. Thank you your honors. Ms. Hopper you may proceed with your rebuttal. Thank you. I I'm happy to take your questions. I can go go back to my main argument if the judges would prefer. Ms. Hopper this is this is McKee. Uh do you agree that we're not looking here for this association was a reason for the uh employment action but rather we're looking to see if if there's evidence that it was a substantial motivating reason? Yes I agree that that's part of the the prima facie case uh and so at the at a trial on the merits that would be what the plaintiff would ultimately have to prove. I would argue that for the purposes of the motion for summary uh the plaintiff need not prove that but bring evidence that a reasonable jury could could find in in her favor under that standard. Well I guess what bothers me about that particularly when you when you make the argument that the school district says that the reason was the evaluations and her evaluations were about the same as some of the other probationary teachers and they didn't get fired. None of them had you you say none of them had this associational issue which is which I assume is but would it also be true that none of them also had engaged in the conduct or actions arising out of that association that your client did? That is true that there's no evidence that there was that they engaged in those actions as well. You know it almost seems like the first amendment being or the 14th amendment depending on what how we analyze analyze this it's almost being raised as a shield to justify improper conduct that would get somebody fired if they didn't have these associational rights and I think that might be what some of the earlier questions were alluding to. That just doesn't that just doesn't seem to me that that could be the law so why am I wrong on that? I certainly understand that the concerns that were raised about the plaintiff's actions with regard to her stepchildren including the situation where where Ms. King came to pick up the stepdaughter she received a piece of discipline for this. This discipline was put into her evaluation it lowered her evaluation score so it was taken into consideration when she was given her evaluation. The number that she received in her evaluation was was still higher than other teachers who were not fired so even taking into consideration her actions where she received the discipline for the purposes of the argument even assuming that they were justified it was taken into consideration and it still didn't bring her within the realm of what would be terminated. As a side note here under Michigan law Ms. Harwell did not have the opportunity to challenge the discipline in any way it's teachers are not allowed to challenge discipline so she had to take it as it was it was put into evaluation and that's what lowered her evaluation score but it did not bring it into the realm where any other teacher was let go for that reason so it's not that it shouldn't be taken into consideration by the board it's that to argue that it was enough to justify the termination is just unsupported by by the situations of all the other teachers. So Ms. Harwell I mean I'm sorry about Ms. Harwell I know this is just the part by the way I understand and I see what Judge Sutton said it seems it might be unfair but I guess the part the thing I'm struggling with and maybe you can help me and I understand the circumstantial evidence point but is there any evidence ever not even just involving Ms. Harwell that this school board or these individuals have discriminated against someone because they're a step-parent or because of a familial status because what it seems to me is you could have an Asian teacher and they could engage in misconduct and then if there's no evidence of any animus of any kind and you say well that's just a smokescreen because you don't like Asians that would be hard to prove and so how you see where I'm struggling is there any evidence like that I believe I go ahead I'm sorry I believe I understand what you're saying I there's no evidence that the school district has discriminated against other step-parents there's also no evidence that the school district has ever received the kind of harassment they were getting from Ms. King and and there was evidence that the school district was taking steps to appease Ms. King to frankly get her off their backs from the very first time she contacted the school district uh defendant Peterson directed Ms. Hartwell not to have contact with her step-kids just just to try to get Ms. King to back off a little bit she Ms. King was also informed about the discipline that that Ms. Hartwell was receiving which is problematic under other under Michigan laws but it was it was clear that the school district was taking steps to uh lessen the impact of the harassment of Ms. King and it just wasn't stopping so they eventually uh I guess saw that their path of least resistance or or the clearest way to stop Ms. King from continually harassing them was to get rid of Ms. Hartwell um so a couple of us that's helpful um you're about a minute past if you wanted if you had another essential point or two we'll allow you to make it but otherwise um you're over 15. I appreciate that um I would just uh point out that this this case is is very similar to the Soward's case from from this court where the the plaintiff had a good record up until up until the intimate association issue came up she was a good teacher it's uncontested that she didn't have performance issues that were different than any other uh new teacher she had no discipline and all of a sudden the uh her record started dipping proportionately with the harassment that was being from Ms. King uh which it's uncontested that uh the harassment from Ms. King was told to the board during the conversation about why Principal Peterson was recommending her termination from employment. Okay um thanks thanks to both of you uh thank you for your briefs thank you uh to everybody for accommodating each other's schedules including even this morning we appreciate it and the case will be submitted. Thank you very much. Thank you your honors. This telephone argument is now adjourned. Counsel we ask you to please disconnect at this time. Thank you. Thank you. Thank you. Samantha can you confirm when the attorneys have disconnected? Yes ma'am they have both disconnected at this time. Thank you um your honors if you need to contact the operator in case you cannot hear one of your other colleagues remember to press star zero the operator can verify for you that either the judge is still on the other line or it has been disconnected and do you require anything further from me at this time? I don't think so thanks so much for your help thank you for uh making this work out uh this morning so thank you. You're welcome thank you very much uh Samantha if you can please assure the judges that once I hang up that no one else will be on the line. Yes ma'am certainly. Thank you very much have a good afternoon. You too thank you.